# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ROMONA DONELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 C 9929 |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant City of Chicago's (City) motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

## BACKGROUND

Plaintiff Romona Donelson (Donelson) alleges in her *pro se* complaint that she was employed by the City as a motor truck driver. Donelson indicates that during her employment she filed charges, accusing the City of discriminating against her. According to Donelson, after she filed one of the charges, she "inquired of her new foremen. . . how they would run the shift," and they responded by "wrongfully" suspending her. (Compl. 4-5). Donelson contends that she was discriminated against because of her race in violation of Title VII of the Civil Rights Act of 1964

1

(Title VII), 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1983 (Section 1983), 42 U.S.C. § 1981 (Section 1981). (Compl. 4). Donelson further alleges that she was subject to harassment in violation of such statutes, and that she was retaliated against for exercising his rights under such statutes. (Compl. 4). The City now moves to dismiss the instant action.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

I.  Response to the Instant Motion

On May 19, 2015, the court gave Donelson until June 18, 2015, to respond to the instant motion.  No response to the instant motion was filed by Donelson.  The court notes that on June 16, 2015, Donelson sent a letter (Letter) to the court regarding a settlement conference.  In the Letter, Donelson also indicates that she has attached "documentation to corroborate [her] claims against" the City.  (Let. 1). Since Donelson is proceeding *pro se* and she filed no response to the instant motion, the court will liberally construe the Letter and consider it as a response to the instant motion.  However, the documentation that Donelson has attached to the Letter constitutes evidence that is outside of the allegations in the complaint.  *See Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013)(stating that "[i]n general, a court may only consider the plaintiff's complaint when ruling on a Rule 12(b)(6) motion").  The court has given such documentation the limited consideration it is due.  *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 528 n.8 (7th Cir. 2015)(quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n. 1 (7th Cir. 2012) for proposition

that "a party opposing a Rule 12(b)(6) motion may submit materials outside the
pleadings to illustrate the facts the party expects to be able to prove"). The court also
notes that Donelson includes in her Letter a wide variety of new allegations that are
not presented in her complaint that accuses the City of a variety of new alleged
unlawful acts.

## II. Section 1983 and Section 1981 Claims

The City argues that Donelson has failed to allege sufficient facts to indicate
municipal liability under Section 1983 or Section 1981. A governmental entity can
be liable under Section 1983 or Section 1981 when the "execution of a government
policy or custom is deemed to [have] inflict[ed] an injury on a plaintiff. *Rossi v. City
of Chicago*, 790 F.3d 729, 737 (7th Cir. 2015); *see also Looper Maintenance Service
Inc. v. City of Indianapolis*, 197 F.3d 908, 913 (7th Cir. 1999)(stating that for the
plaintiff's Section 1981 claim, he had to "show that the violation of his right to make
contracts protected by § 1981 was caused by a custom or policy within the meaning
of *Monell* and subsequent cases")(internal quotations omitted)(citing *Jett v. Dallas
Indep. Sch. Dist.*, 491 U.S. 701, 735-36 (1989)); *Strickland v. Village of Richton
Park*, 2015 WL 2183330, at *1 (N.D. Ill. 2015)(indicating that "[t]o state a viable
claim against the" defendant under Section 1983 or Section 1981, the "plaintiff must
allege that her injury was the result of a [municipal] custom, policy or practice"). To
establish a policy or custom for the purposes of a Section 1983 claim or Section 1981
claim, a plaintiff must point to: "(1) an express policy that would cause a

4

constitutional deprivation if enforced; (2) a common practice that is so widespread and well-settled that it constitutes a custom or usage with the force of law even though it is not authorized by written law or express policy; or (3) an allegation that a person with final policy-making authority caused a constitutional injury." *Rossi*, 790 F.3d at 737.

In the instant action, Donelson merely alleges that two of her supervisors acted against her on one occasion. Donelson fails to allege that the conduct of her supervisors was the result of any City custom, policy, or practice. Nor does Donelson allege any facts from which such a custom, policy, or practice could be inferred. Therefore, the City's motion to dismiss the Section 1983 claim and Section 1981 claim is granted.

III.  Title VII Hostile Work Environment Claim

The City argues that Donelson has failed to allege sufficient facts to state a Title VII hostile work environment claim. To establish a Title VII hostile work environment claim: (1) "the plaintiff must be the object of unwelcome harassment," (2) "the harassment must be based on" a protected characteristic, (3) the harassment "must be sufficiently severe and pervasive so as to alter the conditions of employment," and (4) "there must be a basis for employer liability." *Bellino v. Peters*, 530 F.3d 543, 551 (7th Cir. 2008). In the complaint, Donelson does nothing more than check a box indicating that the City "failed to stop harassment." (Compl. 4). Donelson did not present any facts in her complaint to support her conclusory

statement to suggest that harassment occurred or that it was sufficiently severe to support a hostile work environment claim. Although Donelson alleges that on one occasion her supervisors suspended her, such an allegation would not suggest any type of pervasive or severe harassment that could support a hostile work environment claim. In addition, Donelson has not shown that she has exhausted her administrative remedies as to any hostile work environment claim. The charge (Charge) that Donelson filed prior to this case, which is attached to the complaint, contains no references to harassment or a hostile work environment. *See Reynolds v. Tangherlini*, 737 F.3d 1093, 1099-100 (7th Cir. 2013)(explaining that "[i]n Title VII cases, the scope of the complaint brought before the administrative agency limits the scope of subsequent civil proceedings in federal court; in other words, plaintiffs may pursue only those claims that could reasonably be expected to grow out of the administrative charges"). Therefore, the City's motion to dismiss the Title VII hostile work environment claim is granted.

IV.  Title VII Discrimination Claim

The City argues that Donelson has failed to allege sufficient facts to support a Title VII discrimination claim. Title VII provides in part that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. . . ."  42 U.S.C. §

2000e-2(a)(1).  Donelson checks a box in her complaint indicating that she was discriminated against because of her race.  (Compl. 4).  In the Charge, Donelson also states that she "believe[s] [she] was discriminated against because of [her] race. . . ." (Charge 1).  Donelson, however fails to present any facts to support her claim. Merely stating her subjective belief that she was discriminated against because of her race, without more, is insufficient to plausibly suggest that such a violation of Title VII occurred.  Donelson has thus failed to allege sufficient facts to state a valid Title VII discrimination claim and the City's motion to dismiss the Title VII discrimination claim is granted.


V.  Title VII Retaliation Claim

The City argues that Donelson has failed to allege sufficient facts to state a valid Title VII retaliation claim.  Title VII provides in part that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . . because he has opposed any practice made an unlawful employment practice by" Title VII.  42 U.S.C. § 2000e-3(a).  Donelson alleges that she complained about discrimination and filed charges.  However, Donelson fails to explain what charges she filed or with who she filed charges.  Nor does she indicate what unlawful employment practices she complained about or any protected activity she engaged in.  Donelson has failed to allege sufficient facts to state a valid Title VII retaliation claim.  Therefore, the City's motion to dismiss the retaliation claim is granted.

**CONCLUSION**

Based on the foregoing analysis, the City's motion to dismiss is granted.


_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated:   August 26, 2015